UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., a corporation, | ) ) ) |
| Plaintiff, | ) Case No. |
| vs. | ) ) |
| TONY CATROPPA, an individual, d/b/a HOT'S GENTLEMAN'S CLUB | ) ) ) |
| **SERVE AT :** 36 Palomino Lane Jane, MO 64856 | ) ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

### JURISDICTION

  1. Jurisdiction is founded on the existence of a question arising under particular statutes. This action is brought pursuant to several statues, including the Communications Act of 1934, as amended, Title 47 U.S.C. 605, *et seq.*, and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S.C. 553, *et seq.*

  2. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. 1331, which states that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States.

  3. This Court has personal jurisdiction over the parties in this action as a result of the Defendant's wrongful acts hereafter complained of which violated the Plaintiff's rights as the exclusive commercial domestic distributor of the televised fight program hereinafter set forth at length. The Defendant's wrongful acts consisted of the interception, publication, and tortious conversion of said property of Plaintiff within the control of the Plaintiff in the State of Missouri.

### VENUE

  4. Pursuant to Title 47 U.S.C. 605, venue is proper in the Western District of Missouri, because a substantial part of the events or omissions giving rise to the claim occurred in this

1

District.

## THE PARTIES

5.  The Plaintiff, Joe Hand Promotions, Inc., is, and at all relevant times mentioned was, a Pennsylvania corporation with its principal place of business located at 407 E. Pennsylvania Blvd., Feasterville, PA 19053.

6.  Plaintiff is informed and believes, and alleges thereon that Defendant, Tony Catroppa, is an owner, and/or operator, and/or licensee, and/or permitee, and/or person in charge, and/or individual with dominion, control, oversight and management of the commercial establishment doing business as Hot's Gentleman's Club at 36 Palomino Lane, Jane, Missouri 64856.

## COUNT I
### (Violation of Title 47 U.S.C. Section 605)

7.  Plaintiff, Joe Hand Promotions, Inc., hereby incorporates by reference all of the allegations contained in paragraphs 1-6, inclusive, as through set forth herein at length.

8.  By contract, Plaintiff, Joe Hand Promotions, Inc., paid for and was thereafter granted the exclusive nationwide television distribution rights to *Ultimate Fighting Championship 100: "Making History"*, telecast which took place on July 11, 2009 (this included all under-card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the "Program").

9.  Pursuant to contract, Plaintiff, Joe Hand Promotions, Inc., entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of Missouri, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the Program to the patrons within their respective establishments (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.).

10.  As a commercial distributor of sporting events, including the Program, Plaintiff, Joe Hand Promotions, Inc., expended substantial monies marketing, advertising, promoting, administering, and transmitting the Program to its customers, the aforementioned commercial entities.

11. With full knowledge that the Program was not to be intercepted, received and exhibited by entities unauthorized to do so, the above named Defendant and/or his agents, servants, workmen or employees did unlawfully publish, divulge and exhibit the Program at the time of its transmission at their Jane, Missouri location (36 Palomino Lane, Jane, MO 64856). Said unauthorized interception, publication, exhibition and divulgence by the Defendant was done willfully and for purposes of direct or indirect commercial advantage or private financial gain.

12. Title 47 U.S.C. Section 605, *et seq.*, prohibits the unauthorized publication or use of communications (such as the transmission for which Plaintiff, Joe Hand Promotions, Inc., had the distribution rights thereto).

13. By reason of the aforesaid mentioned conduct, the aforementioned Defendant violated Title 47 U.S.C. Section 605, *et seq.*

14. By reason of the Defendant's violation of Title 47 U.S.C. Section 605, *et seq.*, Plaintiff, Joe Hand Promotions, Inc., has the private right of action pursuant to Title 47 U.S.C. Section 605.

15. As the result of the aforementioned defendant's violation of Title 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff, Joe Hand Promotions, Inc., is entitled to the following from Defendant:

    (a)    Statutory damages for each willful violation in an amount to $100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii), and also;

    (b)    the recovery of full costs, including reasonable attorneys fees, pursuant to Title 47 U.S.C. 605(e)(3)(C)(iii).

WHEREFORE, Plaintiff prays for judgment as set forth below.

## COUNT II
### (Violation of Title 47 U.S.C. Section 553)

16. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-15, inclusive, as though set forth herein at length.

17. The unauthorized interception, exhibition, publication and divulgence of the Program by the above named Defendant is prohibited by Title 47 U.S.C. Section 553 *et seq.*

18. By reason of the aforesaid mentioned conduct, the aforementioned Defendant violated Title 47 U.S.C. Section 553, *et seq*.

19. By reason of the Defendant's violation of Title 47 U.S.C. Section 553, *et seq.*, Plaintiff, Joe Hand Promotions, Inc., has the private right of action pursuant to Title 47 U.S.C. Section 553.

20. As the result of the aforementioned defendants' violation of Title 47 U.S.C. Section 553, and pursuant to Section 553, Plaintiff, Joe Hand Promotions, Inc., is entitled to the following from each Defendant:

> (a) Statutory damages for each willful violation in an amount to $50,000.00 pursuant to Title 47 U.S.C. 553 (b)(2) and also;
>
> (b) the recovery of full costs pursuant to Title 47 U.S.C. Section 553(c)(2)(C), and also;
>
> (c) and in the discretion of this Honorable Court, reasonable attorneys fees, pursuant to Title 47 U.S.C. Section 553 (c)(2)(C).

WHEREFORE, Plaintiff prays for judgment as set forth below.

## COUNT III

### (Conversion)

21. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-20, inclusive, as though set forth herein at length.

22. By its acts as aforesaid in interception, exhibiting, publishing, and divulging the Program at the above-captioned address, the aforementioned Defendant, tortuously obtained possession of the Program and wrongfully converted it to its own use and benefit.

23. The aforesaid acts of the Defendant was willful, malicious, and intentionally designed to harm Plaintiff, Joe Hand Promotions, Inc., and to subject said Plaintiff to economic distress.

24. Accordingly, Plaintiff, Joe Hand Promotions, Inc., is entitled to both compensatory, as well as punitive damages, from the aforementioned defendants as the result of the Defendant's egregious conduct and conversion.

WHEREFORE, Plaintiff prays for judgment as set forth below.

As to the First Count:

1. For statutory damages in the amount of $100,000.00 against Defendant, and;
2. For reasonable attorney's fees pursuant to statute, and;
3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;
4. For such other and further relief as this Honorable court may deem just and proper.

As to the Second Count:

1. For statutory damages in the amount of $50,000.00 against Defendant, and;
2. For reasonable attorney's fees as may be awarded in the Court's discretion pursuant to statute, and;
3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;
4. For such other and further relief as this Honorable court may deem just and proper.

As to the Third Count:

1. For compensatory damages in an amount according to proof against Defendant, and;
2. For reasonable attorney's fees as may be awarded in the Court's discretion pursuant to statute, and;
3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;
4. For such other and further relief as this Honorable court may deem just and proper.

THE VOGLER LAW FIRM, P.C.

By: /s/ Vincent D. Vogler
   VINCENT D. VOGLER   (Fed. #6212)
   DAVID J. PAGE        (MO58948)
   Attorneys for Plaintiff
   Two City Place Drive, Suite 150
   P.O. Box 419037
   St. Louis, MO 63141-9037
   (314) 567-7970
   (314) 567-5053 (Fax)
   E-Mail: voglaw@earthlink.net

83822 072111